897 F.2d 539
 15 U.S.P.Q.2d 1318
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PRATT & WHITNEY CANADA, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1661.
 United States Court of Appeals, Federal Circuit.
 Feb. 27, 1990.
Rehearing Denied March 29, 1990.
Suggestion for Rehearing In Banc Declined April 24, 1990.
 
 Before NIES, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRIAN BARNETT DUFF, District Judge.*
 NIES, Circuit Judge.
 
 
 1
 Pratt & Whitney Canada, Inc., appeals from the final judgment of the Claims Court, Pratt & Whitney Canada, Inc. v. United States, 17 Cl.Ct. 777, 12 USPQ2d 1497 (1989) (Napier, J.), dismissing its complaint seeking compensation from the United States for the alleged unauthorized use of the invention claimed in United States Patent No. 3,333,762 (Vrana or '762). We affirm the judgment on the ground that PWC failed to prove that the General Electric Advanced Dump Diffuser purchased and used by the United States Army is covered by the asserted claims.
 
 OPINION
 
 2
 PWC argues that the Claims Court's interpretation of the language in claim 1 referring to "said passages being curvilinear in transverse section" is wrong as a matter of law. The court concluded that "passages" meant the entire diffuser airway extending from the inner circumference to the outer circumference of the annular ring member and that "curvilinear" meant a diffuser cross-section bounded entirely by curves.
 
 
 3
 PWC contends that, when interpreted in light of what PWC actually invented, claim 1 should require curvilinearity only from the inner circumference to a point downstream of the throat. It may well be, as PWC argues, that the "significance" of the invention lies in the swept-back leading edges formed by the intersection of adjacent straight passages which are curvilinear in cross-section and which form a unique quasi-vaneless space and throat area. However, it is a claim that defines the "actual" invention, not the other way around. See E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 849 F.2d 1430, 1433, 7 USPQ2d 1129, 1131 (Fed.Cir.), cert. denied, 109 S.Ct. 542 (1988); 35 U.S.C. Sec. 112 (1982).
 
 
 4
 PWC argues that the term "passages", as first used in claim 1, means only the part of the airway that extends just beyond the throat area. This meaning conflicts not only with the meaning of "passages" in other claims but also with another use within claim 1. Indeed, the language in claim 1 that the passage must be "substantially straight" for the portion of the passage which extends "from the inner end of the passage to a point downstream of its intersection of adjacent passages" would be wholly surplusage if the antecedent use of "passage" had the same meaning without the express limitation.
 
 
 5
 In defining a "curvilinear" cross-section to mean one bounded entirely by curves, the court relied on the expert testimony offered by the government; the dictionary definition of "curvilinear" as "consisting of or bounded by curved lines"; and the Vrana patent prosecution history wherein the diffuser passage cross-section in the Buchi patent which had rounded corners was distinguished because of its four straight sides. PWC argues that "curvilinear" means only that any straight sides must be bounded by curved portions. It points to the conflicting expert testimony it proffered as to the definition of the term, on the fact that the dictionary definition does not define curvilinear as entirely bounded by curved lines, and on a different interpretation of the prosecution history. Having reviewed this evidence, we agree with the Claims Court. Indeed under PWC's proffered interpretation of "curvilinear", the prior art Buchi patent would literally meet the curvilinearity limitation of claim 1.
 
 
 6
 PWC's argument is meritless that adopting the court's construction of "passages" and "curvilinear" violates the doctrine of claim differentiation in light of Vrana patent claims 5, 8, 10 and 12. Those claims have other differences which negate invocation of the doctrine. See Tandon Corp. v. International Trade Comm'n, 831 F.2d 1017, 1021-22, 4 USPQ2d 1283, 1287-88 (Fed.Cir.1987). We are also unpersuaded the court erred in interpreting "curvilinear" by improperly reading a limitation from the specification into the claim just because the interpretation is the same as a statement which appears in the specification. PWC simply confuses the interpretation of a term with adding a limitation which has no predicate in the claim. See E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 849 F.2d at 1433-34, 7 USPQ2d at 1131-32; D.M.I., Inc. v. Deere & Co., 755 F.2d 1570, 1572, 225 USPQ 236, 237 (Fed.Cir.1985).
 
 
 7
 In view of the above interpretation, a diffuser will infringe only if it has an airway with a cross-section which consists entirely of curved lines and which extends the entire length of the diffuser section or the equivalent thereof. Because the accused diffuser passage cross-section contains two straight portions downstream of the throat, it does not literally meet the claim language.
 
 
 8
 With respect to infringement under the doctrine of equivalents, while we do not agree with a great deal of the court's analysis, e.g., on prosecution history estoppel, we are unpersuaded that the key subsidiary finding that the Advanced Dump diffuser and the Vrana diffuser do not achieve the same overall result is clearly erroneous. With respect to that finding, appellant argues only that it is irrelevant what happens downstream of the passages in each diffuser because the different structure which is needed to accommodate the different airflows is not part of the claims. However, the Claims Court found that the two devices did not achieve the same overall result because of the different output. We disagree with appellant that the court legally erred in considering the output. Indeed, it had to do so in order to compare the respective overall results. The different structure which is not part of the claim is evidence of a difference in result.
 
 
 
 *
 Honorable Brian Barnett Duff, United States District Judge for the Northern District of Illinois, sitting by designation